UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE F. OLIVARES,

                Plaintiff,        Civil Action No. 22-10574

v.                                      Matthew F. Leitman
                                        United States District Judge

PERFORMANCE CONTRACTING       David R. Grand
GROUP, *et al.*,                           United States Magistrate Judge

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR DEFAULT JUDGMENT (ECF No. 38)[1] AND "MOTION
AS TO MEDICAL REASON WHY PLAINTIFF'S SUPRASPINATUS
TENDON DID NOT RE ATTACH [SIC] TO BONE" (ECF No. 39)**

This case appears to be one of a dozen or so that *pro se* plaintiff Jose F. Olivares ("Olivares") has filed in this Court related to a December 2000 decision of a magistrate within the Michigan Bureau of Workers' Disability Compensation (the "Bureau") finding Olivares was not entitled to wage-loss benefits beyond August 1, 1998. *See, e.g.,* Case No. 18-12343, *Olivares v. Performance Consulting Group*, ECF No. 71. In the instant case, Olivares appears to assert an "intentional tort" claim under "MCL 418.131" against defendants Performance Contracting Group ("PCG") and PCG employee Charles Williams ("Williams") (collectively, "Defendants"), concerning the alleged wrongful placement of

---

[1] While the docket labels ECF No. 38 as a "Motion for sanctions and summary judgment," as discussed herein, the motion itself makes clear that Olivares seeks a sanction of entry of default judgment against Defendants for their alleged failure to respond to certain discovery requests.

three sutures during a surgical procedure that Williams authorized a surgeon to perform on Olivares on June 22, 1998. (ECF No. 23).[2]

Presently before the Court are two motions filed by Olivares: (1) a July 29, 2022 "Motion for Sanction and Summary Judgment by Defendants Failure to Comply with Discovery Rules 26-36 Under Federal Rules of Civil Procedure 37(b)(2)(A)(ii) and (vi) with Notice to Compel Disclosure under Federal Rules of Civil Procedure 37(A)" (ECF No. 38) (the "Default Judgment Motion"); and (2) an October 5, 2022 "Motion as to Medical Reason Why Plaintiff's Supraspinatus Tendon Did Not Re Attach [sic] to Bone" (ECF No. 39) (the "Medical Reason Motion"). Both motions lack merit and should be denied.

**Default Judgment Motion**

In Olivares' Default Judgment Motion, he argues that he "served the exhibits attached to [Defendants'] Counsel . . . to which there has been no response as to date," and attaches an exhibit of certain demands for production, as well as two sets of interrogatories. (*Id.*, PageID.211-12, 215-19). As a result of their alleged failure to respond to his discovery requests, Olivares "demands sanctions" under Fed. R. Civ. P. 37(b)(2)(A) for "[e]ntry of a default judgment against [PCG and Williams]." (*Id.*, PageID.212-13). Such request is premature and should be denied.

The applicable Federal Rules of Civil Procedure provide that Olivares must serve Defendants with discovery requests (interrogatories and/or requests for production), and

---

[2] The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 6).

2

afford them thirty (30) days to respond. *See, e.g.*, Fed. R. Civ. P. 33, 34. In the event Defendants fail to comply with such requests, Fed. R. Civ. P. 37 provides that

> [A] party may move for an order compelling disclosure or discovery. The motion **must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery** in an effort to obtain it without court action.

Fed. R. Civ. P. 37(a) (emphasis added); *see also* Fed. R. Civ. P. 37(a)(3)(A), (B). Thereafter, "[i]f a party . . . ***fails to obey an order to provide or permit discovery***, . . . ***the court [] may issue further just orders***, including . . . rendering a default judgment against the disobedient party . . ." Fed. R. Civ. P. 37(b)(2)(A)(vi) (emphasis added).

Here, a review of the docket reflects that Olivares has not previously filed any such formal motion to compel the disclosure or production of certain discovery materials. Thus, Olivares cannot demonstrate Defendants have "fail[e]d to obey an order [from the Court] to provide or permit discovery" such that the Court may issue *further just orders* in the form of sanctions for entry of default judgment. Fed. R. Civ. P. 37(b)(2)(A)(vi).

In fact, in a prior Order on May 27, 2022, the Court admonished Olivares for filing discovery requests on the docket in violation of E.D. Mich. LR 26.2(a) and expressly instructed him that he "must first serve Defendants with discovery requests (interrogatories and/or requests for production), and afford them thirty (30) days to respond, as provided for in the applicable Federal Rules of Civil Procedure, **before moving the Court, if appropriate, for an order compelling production**. *See, e.g.,* Fed. R. Civ. P. 33, 34, 37(a)(3)." (ECF No. 27, PageID.118) (emphasis added). In that same Order, the Court denied another of Olivares' prior motions for default and warned him that "[t]his being the

3

second time Olivares has attempted to improperly obtain a default against the Defendants in this case, the Court warns him that it will not entertain future similar motions." (*Id.*, PageID.116-17).  Despite the Court's clear instructions and warnings, Olivares instead filed the instant motion to sanction Defendants with an entry of default judgment, which is premature and wholly unwarranted at this time.  *See United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (holding that "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases."); *Edwards v. City of Grand Junction, Tenn.*, 1999 WL 232694, at *2 (6th Cir. Apr. 15, 1999) (entry of default judgment "should be imposed only if the court finds that the failure is due to willfulness, bad faith, or fault.").

For all of these reasons, Olivares' Default Judgment Motion (ECF No. 38) should be denied.

**Medical Reason Motion**

In Olivares' "Medical Reason Motion," he appears to offer an explanation as to why the 1998 surgery that defendant Williams authorized a surgeon to perform on him was unsuccessful.  (ECF No. 39).  Apparently, Olivares' contention is that his tendon was too short for the surgery performed, and that PCG and Williams knew that without more time off work the surgery would be unsuccessful.  (*Id.*, PageID.248) ("Williams knew that offering work less than 20 weeks after surgery . . . would result in the tendon not re attaching [sic].").  Although Olivares attaches a few medical records to his motion, he fails to explain how they prove any point he wishes to make.  At the conclusion of Olivares' motion, he asks that the Court enter summary judgment in his favor and schedule a trial on

damages. Olivares' motion has no merit and should be denied.

Pursuant to Rule 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed,

"'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id*. at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

A moving party with the burden of proof (typically the plaintiff) faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). As set forth above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden – the plaintiff on a claim for relief or the defendant on an affirmative defense – his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. U.S.*, 799 F.2d 254, 259 (6th Cir. 1986) (internal citations omitted). Accordingly, summary judgment in favor of the plaintiff "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Harris v. Kowalski*, 2006 WL 1313863, at *3 (W.D. Mich. May 12, 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

Here, Olivares has done nothing more than offer his subjective belief as to why his tendon surgery was unsuccessful. Although he provided certain medical records, he offered no explanation whatsoever as to how they relate to his claims, let alone establish his entitlement to a finding of liability in his favor. In short, Olivares has not shown the absence of a question of fact, let alone that no reasonable trier of fact could find only for him. Accordingly, his Medical Reason Motion (ECF No. 39) should be denied.

**Conclusion**

For the reasons stated above, **IT IS RECOMMENDED** that Olivares' Default Judgment Motion **(ECF No. 38)** and Medical Reason Motion **(ECF No. 39)** be **DENIED**.

Dated: December 9, 2022  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
  United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 9, 2022.

s/Michael E. Lang
MICHAEL E. LANG
Case Manager
