UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE F. OLIVARES,

    Plaintiff,

v.

PERFORMANCE CONTRACTING
GROUP, *et al.*,

    Defendants.

Case No. 22-cv-10574
Hon. Matthew F. Leitman

_____/

**ORDER (1) OVERRULING OBJECTIONS TO REPORT AND RECOMMENDATION (ECF No. 42), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF No. 41), AND (3) DENYING PLAINTIFF'S MOTIONS (ECF Nos. 38, 39)**

In this diversity action, Plaintiff Jose F. Olivares alleges that Defendants Performance Contracting Group and Charles Williams are liable for an allegedly botched tendon surgery that Olivares underwent in 1998. (*See* Am. Compl., ECF No. 41.) Currently before the Court are two motions that Olivares has filed: (1) a motion for a default judgment (ECF No. 38) and (2) a motion for summary judgment (ECF No. 39). In the motion for default judgment, Olivares seeks a default judgment as a sanction for Defendants' alleged refusal to respond to his discovery requests. In the summary judgment motion, Olivares appears to argue that he is entitled to summary judgment because the Defendants required him to return to work before he was fully

1

recovered from his surgery, which resulted in the surgery not being successful. Both motions were referred to the assigned Magistrate Judge. (*See* Order, ECF No. 6.)

On December 9, 2022, the Magistrate Judge issued a report and recommendation in which he recommended that the Court deny both motions (the "R&R"). (*See* R&R, ECF No. 41.) The Magistrate Judge began with the motion for default judgment. He concluded that the motion was "premature and should be denied" because Olivares did not comply with Federal Rule of Civil Procedure 37 by filing a motion to compel discovery prior to moving for a default judgment. (*Id.*, PageID.260-261.) The Magistrate Judge further pointed out that he had previously explained that requirement to Olivares, but, "[d]espite the Court's clear instructions and warnings," Olivares nonetheless still "attempted to improperly obtain a default against the Defendants." (*Id.*, PageID.262.)

The Magistrate Judge then turned to the summary judgment motion. He concluded that Olivares was not entitled to summary judgment because he had "done nothing more than offer his subjective belief as to why his tendon surgery was not successful. [….] In short, Olivares ha[d] not shown the absence of a question of fact, let alone that no reasonable trier of fact could find only for him." (*Id.*, PageID.264.)

At the conclusion of the R&R, the Magistrate Judge informed the parties that they could "object to and seek review" of the R&R by filing written objections within fourteen days. (*See id.*, PageID.265.) The Magistrate Judge further explained that any objections needed to be specific. (*See id.*) He then warned the parties that the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal" and that "[t]he filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to [the R&R]." (*Id.*)

Olivares filed objections to the R&R on December 23, 2022. (*See* Objections, ECF No. 42.) His objections are difficult to follow. In his first objection, Olivares largely summarizes certain medical evidence in the record, and he appears to object, generally, to the entirety the Magistrate Judge's conclusion that he was not entitled to summary judgment. (*See id.*, PageID.267-270.) Indeed, the bulk of this objection seems to restate arguments that Olivares has raised in other filings. But Olivares has made no effort to demonstrate that any particular aspect of the Magistrate Judge's reasoning is erroneous. Olivares' generalized objection does not provide a basis for relief. As the Sixth Circuit has explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the

3

> district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec. of Health and Human Svs.*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, where, as here, objections to a report and recommendation are "conclusory" and do "not specifically address how the report's factual and legal recommendations were incorrect," the objections are insufficient. *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482 (6th Cir. 2001) (holding that plaintiff had "waived any challenge to the district court's conclusions" because his objections to report and recommendation did not specifically address the Magistrate Judge's reasoning). *See also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed").

    Olivares' second and third objections are even more perfunctory than his first. In his second objection, Olivares says only "[t]he Court already issued an order as to discovery, and cut off date which has long Passed." (Objections, ECF No. 42, PageID.270.) But that statement, standing alone, does not address the Magistrate Judge's reasoning for denying Olivares' motion for default judgment: that Olivares failed to comply with Federal Rule of Civil Procedure 37 by filing a motion to compel *before* filing a motion for default judgment.

4

Finally, Olivares' third objection provides as follows: "Plaintiff withdraws demand by motion and demands jury trial at this time." (Objections, ECF No. 42, PageID.270.)  It is not clear to the Court what "demand" Olivares is referring to in this objection.  The objection is therefore insufficient on its face and provides no basis to disturb the recommended disposition of the R&R.

Accordingly, because Olivares has not specifically addressed the Magistrate Judge's reasoning or legal analysis in any detail, his objections to the R&R (ECF No. 42) are **OVERRULED** and the recommended disposition of the R&R (ECF No. 41) is **ADOPTED**.  Olivares' motions for default judgment (ECF No. 38) and for summary judgment (ECF No. 39) are therefore **DENIED**.

**IT IS SO ORDERED**.

                                                  s/Matthew F. Leitman
                                                  MATTHEW F. LEITMAN
                                                  UNITED STATES DISTRICT JUDGE

Dated:  January 9, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 9, 2023, by electronic means and/or ordinary mail.

                                                s/Holly A. Ryan
                                                Case Manager
                                                (313) 234-5126